IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SATCON TECHNOLOGY CORPORATION, *et al.*,[1] | Case No. 12-12869 (KG) |
| Debtors. | (Joint Administration Requested) |
| | Ref. Docket Nos. 8, 46, and 66 |

### FINAL ORDER UNDER SECTION 366 OF THE BANKRUPTCY CODE (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT

Upon the motion (the "**Motion**")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") seeking entry of interim and final orders: (a) prohibiting their Utility Providers from altering, refusing, or discontinuing service; (b) deeming Utility Providers adequately assured of future performance; and (c) establishing procedures for determining adequate assurance of payment; and upon the *Declaration of Charles S. Rhoades in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court having reviewed the Motion, having heard the statements of counsel in regard to the informal objection e-mail from DSCI (the "**DSCI**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number or VAT number, as applicable, are: Satcon Technology Corporation (7552), Satcon Power Systems, Inc. (8804), Satcon Electronics, Inc. (4678), Satcon Power Systems (California), LLC (4644), Satcon Power Systems Canada, Ltd. (4511), Satcon International, s.r.o. (7072 - VAT) and Satcon Technology (Shenzhen) Co., Ltd. (1537 - VAT). The Debtors' address is 25 Drydock Avenue, Boston, Massachusetts, 02210.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**Informal Objection**") and the Objection of NStar Electric & Gas Corporation ("**NStar**") to the Motion (the "**NStar Objection**" and, together with the DSCI Information Objection, the "**Objections**") and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "**Hearing**"); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons set forth on the record, the Motion is granted on a final basis as set forth herein.

2. Until such time that the Final Order is entered by the Court, all Utility Providers, including but not limited to those identified on **Exhibit "1"** hereto, are prohibited from discontinuing, altering, or refusing service to the Debtors on account of any unpaid prepetition charges, or discriminating against the Debtors, or requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices other than as set forth in the Motion, provided the Debtors are in compliance with the terms of this Final Order.

3. The Debtors shall deposit $52,500, an amount equal to two weeks of Utility Services (the "**Adequate Assurance Deposit**"), into a segregated bank account designated for the Adequate Assurance Deposits (the "**Adequate Assurance Account**") on behalf of the Utility Providers.

4. The following procedures (the "**Adequate Assurance Procedures**") are hereby adopted:

A. As adequate assurance of future payment to the Utility Providers, Debtors propose to deposit an initial sum equal to the Debtors' estimated average cost for two (2) weeks of Utility Services into the Adequate Assurance Account within fourteen (14) days of the entry of the Interim Order, only after approval of the Debtors' use of cash collateral. The Debtors estimate the aggregate amount of all Adequate Assurance Deposits will be approximately $52,500.00;

B. If a Utility Provider is not satisfied with the assurance of future payment provided by the Debtors, the Utility Provider must serve a written request (the "**Additional Assurance Request**") upon the Debtors setting forth the locations(s) for which Utility Services are provided, the account number(s) for such locations(s), the outstanding balance for each account, a summary of the Debtors' payment history on each account, and an explanation of why the Adequate Assurance Deposit is inadequate assurance of payment;

C. The Additional Assurance Request must actually be filed with the Court and received by (i) the Debtors, is 25 Drydock Avenue, 7th Floor, Boston, Massachusetts, 02210 (Attn: John Peacock), and (ii) the Debtors' counsel, Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Dennis A. Meloro, Esquire) and Greenberg Traurig, LLP, The MetLife Building, 200 Park Avenue, New York, New York 10166 (Attn: Nancy A. Mitchell, Esquire and Maria J. DiConza, Esquire) (collectively, the "**Notice Parties**");

D. The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court, if the Debtors believe such additional assurance is reasonable;

E. If the Debtors determine that an Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider, the Debtors will request a hearing before this Court, to be held at a date and time to be scheduled promptly by the Debtors upon notice to the applicable Utility Provider, to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code;

F. Pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services or the Debtors' bankruptcy filing;

BOS 47062184v1

G. A Utility Provider shall be deemed to have adequate assurance of payment unless and until (a) the Debtors, in their sole discretion, agree to an Additional Assurance Request or agree to an alternative assurance of payment with the Utility Provider during the Resolution Period, or (b) this Court enters an order requiring that additional adequate assurance of payment be provided;

H. The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Provider that fails to make an Additional Assurance Request; and

I. At any time, the Debtors may terminate service from any of the Utility Providers, such termination being effective immediately upon Debtors' notice to the Utility Provider. At such time, Debtors shall no longer be required to make any more payments to such Utility Provider for any services provided after such termination, and any excess shall be returned forthwith.

5. This Final Order shall be served, via first-class mail, on each Utility Provider the Debtors believe could be affected by the Motion and all other parties required to receive service under Del. Bankr. L.R. 2002-1(b) within two (2) business days of entry of this Final Order.

6. If a Utility Provider is not satisfied with the assurance of future payment being provided by the Debtors pursuant to the Motion, the Utility Provider must serve a written request upon the Debtors and their counsel setting forth the locations(s) for which Utility Services are provided, the account number(s) for such locations(s), the outstanding balance for each account, a summary of the Debtors' payment history on each account, and an explanation of why the Adequate Assurance Deposit is inadequate assurance of payment ("**Additional Adequate Assurance Request**").

7. The Additional Assurance Request must actually be filed with the Court and received by (i) the Debtors, 25 Drydock Avenue, 7th Floor, Boston, Massachusetts, 02210 (Attn: John Peacock), and (ii) the Debtors' counsel, (a) Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Dennis A.

4

Meloro, Esquire) and (b) Greenberg Traurig, LLP, The MetLife Building, 200 Park Avenue, New York, New York 10166 (Attn: Nancy A. Mitchell, Esquire and Maria J. DiConza, Esquire).

8.  The deadline by which objections to the Motion and the Final Order must be filed is November 1, 2012 at 4:00 p.m. (Prevailing Eastern Time) and any objections must be served on (i) counsel to the Debtors, (a) Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Dennis A. Meloro, Esquire) and (b) Greenberg Traurig, LLP, The MetLife Building, 200 Park Avenue, New York, New York 10166 (Attn: Nancy A. Mitchell, Esquire and Maria J. DiConza, Esquire), (ii) counsel to any statutory committee appointed in these cases and (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Tiiara N. A. Patton, Esquire). A final hearing, if required, on the Motion will be held on November 6, 2012 at 2 p.m. (Prevailing Eastern Time). If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

9.  To the extent that the Debtors subsequently identify additional providers of Utility Services or determine that an entity was improperly included as a Utility Provider, the Debtors have the authority, in their sole discretion and without further order of Court, to amend the Utility Provider List to add or delete any Utility Provider. If the Debtors add any Utility Providers to the Utility Provider List, the Debtors will serve a copy of the Motion, along with the applicable portion of the amended Utility Provider List and the Order, on such Utility Provider within seven (7) business days after the Debtors file the amended Utility Provider List (the "**Subsequent Notice**"). Such subsequently added Utility Provider will be subject to the Adequate Assurance Procedures set forth in the Motion. For any entity that is removed from the

Utility Provider List, the Debtors shall serve that entity with notice of removal and such entity shall have 5 days from the date of service of such notice to object to that removal.

10. The Objections are resolved by the following:

   A. As additional adequate assurance to Nstar, the Debtors shall provide a postpetition deposit to NStar in the amount of $23,935 (the "**NStar Deposit**") by tendering a check in the amount of $23,935 to NStar Electric & Gas Corporation, Attn: Honor S. Heath, Esq., Northeast Utilities Service Company, 107 Selden Street, Berlin, CT 06037 within ten (10) business days of entry of this Final Order.
   B. As additional adequate assurance to DSCI, the Debtors shall provide a postpetition deposit to DSCI in the amount of $3,787.77 (the "**DSCI Deposit**" and, together with the NStar Deposit, the "**Deposits**") by tendering a check in the amount of $3,787.77 to DSCI, P.O. Box 984001, Boston, MA 02298-4001 within ten (10) business days of entry of this Final Order.
   C. In the event the Debtors no longer require service from NStar or DSCI, they shall contact NStar or DSCI, as applicable, to provide notice that service be terminated to the relevant accounts (the "**Termination Notice**"). After the relevant accounts are closed and all invoices for postpetition service for that account are paid in full, NStar or DSCI, as applicable, shall promptly refund the balance of the Deposits on the relevant accounts to the Debtors.

11. Notwithstanding the relief granted herein any actions taken pursuant thereto, nothing herein shall be deemed: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined hereunder; (v) a request or authorization to assume any agreement, contract or lease pursuant to section 365 of title 11 of the Bankruptcy Code; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. Notwithstanding anything to the contrary contained herein any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the

6

Debtors under any approved debtor-in-possession financing facility, or any order regarding the Debtors' postpetition financing or use of cash collateral.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: Wilmington, Delaware
       November 6, 2012

_____
KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

BOS 47062184v1